UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFFREY CONCEPCION,<br><br>   Plaintiff,<br><br> vs.<br><br>JAMES E. TILTON, et al.,<br><br>   Defendants. | Case No: C 08-2296 SBA<br><br>**ORDER RE DEFENDANTS' MOTION TO SCREEN COMPLAINT UNDER 28 U.S.C. § 1915A**<br><br>Docket 16 |

  Plaintiff Jeffrey Concepcion is incarcerated at Pelican Bay State Prison ("PBSP") and is serving a life sentence for first degree murder. He brings the instant action under 42 U.S.C. § 1983 to challenge his prison gang validation and resulting confinement in the PBSP Secured Housing Unit ("SHU"). He has paid the requisite filing fee and is represented by counsel. Defendants have filed a motion styled as a Motion That the Court Screen Plaintiff's Complaint under 28 U.S.C. § 1915A and Waiver of Reply Under 42 U.S.C. § 1997e(g). (Docket 16.) The Court grants the request to screen the Complaint, and finds that Plaintiff has stated cognizable claims.

**I. BACKGROUND**

  Plaintiff entered the custody of the California Department of Corrections ("CDC") in 1998 following a conviction for murder. (Compl. ¶ 4.) He had no record of gang activity when he entered the system. (Id.) Initially, he was housed at PBSP but was later transferred to California State Prison-Sacramento ("CSP-Sacramento"). (Id.) In 2002, he was found guilty of a serious rules violation as a result of a stabbing incident. (Id. ¶ 5.) He was sentenced to 24 months in the SHU as a result. (Id.)

  Five days following his release from the SHU, Lt. Reed at CSP-Sacramento informed Plaintiff that he was under investigation for suspected gang activity based on four "source items," including a tattoo, correspondence to a third party relating to the mother of a validated gang

member and information from a confidential informant.  (Id. ¶ 6.)  On July 28, 2004, the Law Enforcement Investigations Unit, which investigates gang matters, approved Plaintiff's validation.  (Id. ¶ 7.)  As a result, Plaintiff was returned to PBSP and confined to the SHU.  (Id. ¶ 8.)  Plaintiff denies that he has any past or present gang affiliation. (Id.)

Through counsel, Plaintiff filed the instant action against the following parties: (1) James E. Tilton, Secretary of the CDC; (2) Scott Kernan, Chief Deputy Secretary of the CDC's Adult Operations; (3) Rick Rimmer, Assistant Secretary of the CDC's Office of Correctional Safety; and (4) Robert Horel, the Warden at PBSP.  Each is sued his in his official and individual capacity.  The Complaint alleges four claims under 42 U.S.C. § 1983, which challenge the validity of his gang validation.  Plaintiff seeks declaratory and injunctive relief to address his allegedly improper validation.

## II.     LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## III.    DISCUSSION

Interests that are procedurally protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the States.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided (1) that State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) that the liberty in question is one of "real substance."  See id. at 477-87.  "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and

1 significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or
2 (2) State action that "will inevitably affect the duration of [a] sentence," id. at 487.
3 　　　　When a prisoner is deprived of a State-created liberty interest of "real substance," the Due
4 Process Clause requires that the State provide certain procedural protections.  Sandin v. Conner,
5 515 U.S. 472, 477-87 (1995).  In Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986), the Ninth
6 Circuit held that §§ 3335(a), 3336, and 3339(a) of Title 15 of the California Code of Regulations,
7 taken together, create a constitutionally protected liberty interest for California prisoners to be free
8 from placement in administrative segregation.  Id. at 1097-98.  In Madrid v. Gomez, 889 F. Supp.
9 1146, 1271 (N.D. Cal. 1995), this Court found that § 3341.5(c)(3) also creates a liberty interest in
10 release from administrative segregation after confinement for eleven months.  Id. at 1271.  Because
11 Toussaint and Madrid were decided before Sandin, however, those courts had no occasion to
12 consider whether the liberty interest at issue was one of "real substance."
13 　　　　In Sandin, the Supreme Court held that an inmate's thirty-day placement in disciplinary
14 segregation, where conditions mirrored conditions imposed upon inmates in administrative
15 segregation and protective custody, did not amount to a deprivation of "real substance."  Sandin,
16 515 U.S. at 485-86; see also Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (placement in
17 disciplinary segregation for fourteen days was not a deprivation of "real substance").  Here, in
18 contrast, Plaintiff has been placed in a SHU for an indeterminate period based on an allegedly
19 unreliable gang validation.  In Madrid, this Court has described the PBSP SHU as "hover[ing] on
20 the edge of what is humanly tolerable for those with normal resilience."  Madrid, 889 F. Supp. at
21 1280.  Therefore, the Court concludes that Plaintiff's liberty interest in avoiding indefinite
22 placement in the SHU is one of real substance, implicating his federal due process rights.
23 　　　　In Superintendent v. Hill, 472 U.S. 445, 455 (1985), the Supreme Court held that
24 disciplinary proceedings do not satisfy due process requirements unless there is "some evidence" in
25 the record to support the findings of the prison disciplinary board.  The "some evidence" standard
26 has been extended to cases where an inmate is placed in segregation for administrative reasons.
27 See Toussaint, 801 F.2d at 1104; Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (holding
28 that a prison gang validation proceeding is subject to the "some evidence" standard where it is an

administrative strategy rather than a disciplinary measure).  Evidence relied upon to administratively segregate an inmate for an indefinite period based on gang affiliation also must have "some indicia of reliability" to satisfy due process requirements.  See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); Madrid, 889 F. Supp. at 1273-74; Toussaint v. Rowland, 711 F. Supp. 536, 542 (N.D. Cal. 1989).  Here, Plaintiff alleges that the evidence of gang validation in his file lacks the requisite indicia of reliability to support his gang validation and placement in the PBSP SHU.  These allegations, which are accepted as true, are sufficient to state cognizable claims pursuant to 42 U.S.C. § 1983.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion for an initial screening under 28 U.S.C. § 1915A is GRANTED.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than thirty (30) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff, through his counsel of record.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days after the date on which Defendants' motion is filed.

   c. If Defendants wish to file a reply brief, they shall do so no later than fifteen (15) days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

1     5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

2     6.    Extensions of time are not favored, though reasonable extensions will be granted. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than fifteen (15) days prior to the deadline sought to be extended.

6     7.    This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: July 14, 2009                      _Saundra B. Armstrong_
                                                  Hon. Saundra Brown Armstrong
                                                  United States District Judge